IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :
                                 :
   v.                            :  Civil Action No. DKC 17-3256
                                 :
CHESAPEAKE FIRESTOP PRODUCTS,    :
INC., et al.                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tax case is the motion filed by Plaintiff United States of America (the "Government") for default judgment against Defendant Chesapeake Firestop Products, Inc. ("Chesapeake") and for a permanent injunction against Defendants Chesapeake and Clifford Smith (collectively, "Defendants"). (ECF No. 11). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for default judgment will be granted and a permanent injunction will be entered.

**I.   Background**

   **A. Factual Background**

Defendant Chesapeake operates a fire retardant business in Montgomery County, Maryland. (ECF No. 1 ¶ 8). Mr. Smith is the owner of Chesapeake and is responsible for its operation, which includes ensuring that Chesapeake properly files its federal tax returns and pays its federal taxes. (*Id*. ¶¶ 2, 9).

Chesapeake has failed to pay its federal employment tax liabilities for twenty quarters between the third quarter of 2009 and the fourth quarter of 2016 (*Id.* ¶¶ 11, 12); its federal unemployment tax liabilities for tax years 2012 and 2016 (*Id.* ¶¶ 16, 17); and its civil penalties for tax years 2009, 2010, and 2011 (*Id.* ¶¶ 21, 22). Chesapeake has also failed to file "several federal tax returns including a federal employment tax return for the fourth quarter of 2015 and the third quarter of 2016; a federal unemployment tax return for tax year 2015; and an income tax return for tax year 2015[,]" and "withhold and pay [] to the IRS its current employment tax liabilities." (*Id.* ¶ 27). Defendants currently owe the United States more than $3.4 million in unpaid federal taxes. (*Id.* ¶ 3). "The IRS has expended significant resources attempting to bring Chesapeake into compliance with the internal revenue laws[,]" including recording multiple notices of federal tax liens against Chesapeake (*Id.* ¶ 28), sending demands for payment and notices of intent to levy upon assets to Chesapeake (*Id.* ¶ 29), and explaining the requirements of the withholding laws to Chesapeake's representatives (*Id.* ¶ 30). "The IRS has exhausted its administrative abilities to compel Chesapeake to pay its tax liabilities and comply with the internal revenue laws" to no avail. (*Id.* ¶ 34).

**B. Procedural Background**

The Government filed the instant complaint on November 6, 2017, alleging that Defendants have failed to file federal employment tax returns timely and pay their federal tax obligations. (ECF No. 1). The Government also seeks a permanent injunction, compelling Defendants to withhold, collect, and pay the company's accruing federal tax liabilities timely to the Internal Revenue Service ("IRS"), and to enjoin Defendants from violating the internal revenue laws in the future. (*Id.* at 1). Service of process was effected on November 28, 2017. (ECF Nos. 3, 4). When Defendants failed to file an answer or other responsive pleading within the requisite time period, the Government moved for entry of default. (ECF No. 5). The clerk entered default on January 24, 2018. (ECF No. 6). On April 16, the Government filed the pending motion for default judgment. (ECF No. 11). To date, Defendants have taken no action in this case.

**II. Motion for Default Judgment**

**A. Standard of Review**

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A defendant's default does not automatically entitle

the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.D.C. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the court may hold a hearing to consider evidence as to the relief sought, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate [damages]."

4

*Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**B. Analysis**

Defendant Chesapeake has defaulted in this case and the well-pleaded allegations in the complaint are accepted as true, although not to damages. The Government alleges that Defendant Chesapeake is liable to the Government for its unpaid federal employment taxes for the taxable quarters that ended between September 30, 2009 and June 30, 2016; unpaid federal unemployment taxes for the 2012 and 2016 taxable years; and civil penalties imposed pursuant to 26 U.S.C. § 6721 for 2009, 2010, and 2011. The Government contends that, as of April 9, 2018, the total amount owed with statutory additions is $3,504,479. (ECF No. 11-1, at 1). The total amount includes $2,661,837 in unpaid federal employment taxes, penalties and interest, plus $14,808 in unpaid federal unemployment taxes, penalties and interest, plus $827,834 in civil penalties and interest owed as of April 9, 2018. (ECF No. 11-2, at 2). The motion is supported by the declaration of IRS Revenue Officer James Heal (ECF No. 11-3) and corresponding true and correct copies of IRS account transcripts for the relevant periods (ECF

Nos. 13-1 – 13-26).[1]  Thus, the Government has made a *prima facie* case of tax liability and has shifted the burden to Defendant Chesapeake "to produce evidence refuting the Government's position."  *United States v. Kitila*, No. DKC-09-0455, 2010 WL 917873, at *3 (D.Md. Mar. 8, 2010) (citing *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980)).  Defendant Chesapeake did not produce any evidence, and therefore liability is established for unpaid taxes and related penalties.  The motion for default judgment will be granted and the court will enter judgment against Defendant Chesapeake in the amount of $3,504,479.

**III. Permanent Injunction**

**A. Legal Standard**

The Government seeks a permanent injunction pursuant to 26 U.S.C. § 7402(a).  Section 7402(a) grants district courts the ability to "issue in civil actions, writs and orders of

---

[1] The account transcripts were not attached to James Heal's declaration and were later submitted by the Government. (*See* ECF No. 13).  The declaration states that a copy of the IRS account transcript pertaining to unemployment taxes for the year ending December 31, 2012 is attached as Government's Exhibit 21. (ECF No. 11-3 ¶¶ 8,9).  It is not attached and, instead, attached as Exhibit 21 is another copy of the transcript pertaining to employment taxes for the period ending December 31, 2012. (*See* ECF Nos. 13-8; 13-21).  However, the court may rely on the declaration of James Heal to determine damages and will do so here. *United States v. R & K Tile, Inc.*, No. CCB-14-3025, 2015 WL 1736802, at *2 (D.Md. Apr. 14, 2015) (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F.Supp.2d 680, 684 (D.Md. 2013)).

injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Courts are split as to the standard for granting an injunction pursuant to § 7402(a). *United States v. R & K Tile, Inc.*, No. CCB-14-3025, 2015 WL 1736802, at *2 (D.Md. Apr. 14, 2015). "Most courts, however, appear to have concluded that, under 26 U.S.C. § 7402(a), 'the government need only show that an injunction is appropriate for the enforcement of the internal revenue laws, *without reference to the traditional equitable factors*." *Id.* (emphasis in original) (quoting *United States v. Thompson*, 395 F.Supp.2d 941, 945 (E.D.Cal. 2005)) (citing *United States v. ITS Fin., LLC*, 592 F.App'x 387, 400 (6th Cir. 2014)); *see also United States v. Madzima*, No. 3:08-CV-1043-B, 2009 WL 2596599, at *2 (N.D. Tex. Aug. 21, 2009) ("[T]o obtain an injunction under I.R.C. § 7402(a), the United States must show that an injunction is necessary or appropriate to enforce the internal revenue laws."); *contra United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984) ("[T]he decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy."). The Fourth Circuit has not determined which standard applies. The question need not be addressed in the present case, however, because an injunction is appropriate

7

under both the standard described in the statute and the traditional equitable principles.

On its face, § 7402(a) authorizes a court to issue an injunction when "necessary or appropriate for the enforcement of the internal revenue laws." "Such an injunction 'is appropriate if the defendant is reasonably likely to violate the federal tax laws again,' which courts assess by evaluating the totality of the circumstances." *R & K Tile, Inc.*, 2015 WL 1736802, at *2 (quoting *United States v. Thompson*, 395 F.Supp.2d 941, 945-46 (E.D.Cal. Sept. 27, 2005). The relevant factors to that analysis include:

> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation, and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations.

*Id.* at *3 (quoting *Thompson*, 395 F.Supp.2d at 946).

Under the traditional equitable principles, an injunction would be appropriate if the plaintiff demonstrates:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

**B. Analysis**

Here, Defendants have failed to file tax returns and pay over $3.4 million in taxes since 2009 in violation of multiple sections of the Internal Revenue Code. (*See* ECF No. 11-1, at 5 (citing 26 U.S.C. §§ 3102, 3111, 3301, 3402, 6011)). Defendants continue to skirt their federal tax obligations despite proper notice and demand for payment, recordation of multiple notices of federal tax liens, and the Government has exhausted its administrative abilities to compel Defendants to comply with the internal revenue laws. Defendants have admitted culpability by failing to respond in this case and do not appear to intend to become compliant with their tax obligations in the future. Accordingly, issuance of an injunction is "necessary and appropriate" to enforce the internal revenue laws.

Under the traditional equitable principles, and injunction remains appropriate. The Government has suffered, and will continue to suffer, irreparable harm as a result of Defendants' conduct. Chesapeake owes the Government $3,504,479 in unpaid taxes, penalties, and interest. "[T]axes are the lifeblood of government, and their prompt and certain availability an

imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935). The Government is also harmed because it has expended significant resources attempting to get Defendants to comply with the tax laws and attempting to collect the federal taxes that should have been deposited by Defendants. Legal remedies are inadequate to compensate for the injury, which is evidenced by Defendants continued failure to withhold and pay federal employment and unemployment taxes, despite proper notice and demand and the Government's continued attempts to collect payment.

When balancing the hardships between the Government and Defendants, a remedy in equity is warranted. If an injunction is not issued against Defendants, the Government will continue to suffer irreparable harm in the form of permanent loss of its tax revenue. On the other hand, if an injunction is issued against Defendants, they will not be harmed because they will simply be required to obey the same tax laws as other employers.

Lastly, granting an injunction against Defendants would not be contrary to the public interest. "The tax system relies on employers to collect employment and unemployment taxes and to pay those over to the United States." *United States v. J.A. Subway, Inc.*, No. 16-GLR-0810, 2016 WL 6988800, at *4 (D.Md. Sept. 23, 2016). Defendants' continued failure to withhold and pay its federal employment and unemployment taxes is undermining

10

the government tax system.  Issuing an injunction will lead to "fair administration of the internal revenue laws" and "fair competition by halting these wrongful practices."  *Id*.  Accordingly, all equitable factors support entry of a permanent injunction against Defendants.[2]

**IV. Conclusion**

For the foregoing reasons, the motion for default judgment filed by the Government will be granted and a permanent injunction will be entered.  A separate order will follow.

                                                             /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

[2] The Government's motion for default judgment and proposed order request injunctive relief that differs in kind from the relief requested in the complaint.  The court's Order modifies the Government's proposed order so not to include any relief that differs in kind or exceeds the relief requested in the Government's complaint.